# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA,**

    Plaintiff,

**-vs-**

**Case No. 07-CR-309**

**MARQUIS ROEN,**

    Defendant.

## DECISION AND ORDER

On March 24, Marquis Roen filed a letter which the Court construes as a motion to adjust his restitution obligation. The Court ordered restitution as part of Roen's sentence on October 3, 2008. Because of the finality of Roen's sentence,[1] his only avenue for relief is 18 U.S.C. § 3664(k), which provides that the Court may adjust a payment schedule based upon a "material change in the defendant's economic circumstances." However, § 3664(k) does not appear to allow for a reduction (or elimination) of the total restitution obligation. *United States v. Lallemand*, 207 Fed. Appx. 665 (7th Cir. 2006) (Unpublished disposition).

This Court took a slightly different tack in *United States v. Gee*, No. 03-CR-259, 2009 WL 3517683 (E.D. Wis. Oct. 27, 2009) when it altered the amount of a restitution obligation post-judgment. In *Gee*, the Court amended its restitution judgment pursuant to the mutual agreement of the defendant and the victims (the government took no position) that a lesser

---

[1] Fed. R. Crim. P. 35(a) authorizes the district court to correct a sentence, but only within seven days of entry.

-2-

lump sum payment would be fully compensatory. The Court cited the defendant's advancing age, poor employment prospects, and ongoing health concerns. The Court also took note that the victim was in receivership and preferred an immediate lump sum in the context of winding up its affairs. The parties' stipulation that a lesser amount was "fully compensatory" at least arguably brings *Gee* under the language of § 3664(k), wherein the Court may require "immediate payment in full, as the interests of justice require." Here, there is no such mutual agreement. The government adamantly opposes any attempt to alter the restitution obligation.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT** Roen's motion to alter restitution [D. 23] is **DENIED**.

Dated at Milwaukee, Wisconsin, this 13th day of April, 2010.

**SO ORDERED,**

*s/ Rudolph T. Randa*
**HON. RUDOLPH T. RANDA**
**U.S. District Judge**